# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1028V
**Filed: November 23, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TURMAK DAVIS, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Influenza ("Flu"); Shoulder Injury |
| | * | Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Leah Durant, Law Offices of Leah V. Durant, Washington, DC, for petitioner.*
*Debra Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On August 19, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine on November 3, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 22, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent concluded that petitioner's alleged injury is consistent with a SIRVA, and was caused in fact by the flu vaccine he received on November 3, 2015 *Id.* at 3. Respondent further agrees that petitioner has met the statutory requirements for entitlement to compensation. *Id.*

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master